IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01964-MEH

CHARLES BURGER,
JEFFREY DESICH,
RICHARD DESICH,
FBO BRIAN DEVLIN IRA,
FBO JULIE DEVLIN IRA,
JHM ENTERPRISES, LLC,
JOHN NELLIGAN,
CURT THOMPSON,
EUGENE WEIL, and
ROBERT EKBACK,

    Plaintiffs,

v.

COLORADO NATIONAL BANCORP,

    Defendant.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Plaintiffs initiated this action in the District Court for the County of Denver, Colorado on June 23, 2016 alleging generally that Defendant was liable to Plaintiffs for all sums due and owing to them under promissory notes that matured on December 31, 2015. Compl., ECF No. 5. Defendant removed the action to this Court on August 15, 2017 asserting the Court's federal question jurisdiction. ECF No. 1. The Court finds that Defendant fails to demonstrate substantial question jurisdiction and the Plaintiffs' motion does not, itself, create a right to remove under § 1446(b) and, thus, the Court will grant the Plaintiffs' motion to remand.

**I.     Background**

In the underlying case, the state court entered summary judgment in favor of the Plaintiffs on January 11, 2017, in the aggregate amount of $4,012,756.36, plus interest in the aggregate amount of $210,534.02 for a total judgment amount of $4,223,290.38. Plaintiffs commenced enforcement actions on February 11, 2017 by seeking discovery from Defendant. On May 27, 2017, the state court granted Plaintiffs' unopposed motion to hold the enforcement actions in abeyance to give the parties time to negotiate a settlement. After negotiations failed, Plaintiffs filed a Motion to Vacate Order Holding Enforcement Actions in Abeyance and Issue Writs of Garnishment and Execution ("Motion to Vacate") on July 27, 2017 seeking immediate garnishment and execution on Defendant's shares. There is no indication that the state court ruled on the motion.

Defendant removed the state case to this Court asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331 "because issues raised in the Motion to Vacate now involve federal banking regulations making the matter one that constitutes a civil action founded on a claim or right under the laws of the United States." Notice of Removal ¶ 8.

Plaintiffs object to the removal arguing that Defendant's defense to their attempt to collect on a judgment they received in the state court case cannot form the basis for federal court jurisdiction. Moreover, Plaintiffs assert that the removal was untimely or, alternatively, Defendant waived its right to removal by participating in the state court action.

Defendant counters that the removal statute provides for removal at later stages of the case based on documents that need not be pleadings. As such, Defendant contends that Plaintiffs' Motion to Vacate, which was filed in state court after the judgment and sought immediate issuance of writs of garnishment and writs of execution, constitutes notice of Plaintiffs' attempt to assume control of

the bank, which, itself, is governed by federal law. Defendant asserts that the right to removal arose only with the filing of the Motion to Vacate and, thus, Defendant could not have waived its right.

Plaintiffs reply that their post-judgment enforcement motion in no way alters or amends the Complaint, and Defendant's cases supporting the "other paper" doctrine apply only to questions of diversity jurisdiction, which are not present here.

**II.     Analysis**

To be removable, a civil action must satisfy the requirements for federal jurisdiction. 28 U.S.C. § 1441(a). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [the courts'] constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1095 (10th Cir. 2005). The presumption is therefore "against removal jurisdiction." *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, – U.S. –, 135 S. Ct. 547, 554 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). Where there exist uncertainties regarding the Court's jurisdiction, the uncertainties are resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, – U.S. –, 135 S. Ct. 547, 554 (2014) (same). "The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (internal quotation marks omitted).

In this case, Defendant contends that "issues raised in the Motion to Vacate involve federal banking regulations and that the seizure of the bank stock will constitute an exercise of control over

the Bank, which is allegedly improper pursuant to the federal Bank Holding Company Act." Mot. ¶ 15; *see also* Notice of Removal ¶ 8 ("issues raised in the Motion to Vacate now involve federal banking regulations making the matter one that constitutes a civil action founded on a claim or right under the laws of the United States."). Thus, Defendant asserts the Court's federal question jurisdiction based solely on the Plaintiffs' motion.

Typically, to be removable based on federal question jurisdiction, a pleading must present a federal question "on the face of the plaintiff's properly pleaded complaint," which is otherwise known as the "well-pleaded complaint rule." *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The parties agree that no federal question arises under the operative pleading in this breach of contract action. But here, Defendant invokes "substantial question" jurisdiction that may originate in a "'special and small category' of cases in which arising under jurisdiction still lies." *Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 770 F.3d 944, 947 (10th Cir. 2014) (quoting *Gunn v. Minton*, 568 U.S. 251, 257 (2013)).

The Court is not convinced. While the Defendant takes pains to explain specifically how the Plaintiffs' attempts to enforce their judgment might result in the Plaintiffs' control of the Defendant bank, it cites no case law supporting its proposition that the Motion to Vacate presents a substantial federal question sufficient to fall under the "exceedingly narrow—[ ] special and small category of cases." *Gilmore v. Weatherford*, 694 F.3d 1160, 1171 (10th Cir. 2012).

Moreover, "[t]o invoke this so-called 'substantial question' branch of federal question jurisdiction, *a plaintiff must show* that 'a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" *Becker*, 770 F.3d at 947 (quoting *Gunn*, 568 U.S. at 257)

4

(emphasis added). It appears that the Tenth Circuit has not (yet) recognized the successful assertion of substantial question jurisdiction on removal. *See Gilmore*, 694 F.3d at 1173 ("To determine whether an issue is 'necessarily' raised, the Supreme Court has focused on whether the issue is an 'essential element' of a plaintiff's claim." (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005)); *see also Dutcher v. Matheson*, 733 F.3d 980, 987 n.6 (10th Cir. 2013). Here, Defendant's stated substantial question—"the federal regulatory scheme governing banking activities to ensure depositors and consumers are protected" (Resp. 6)—is not, and does not implicate, an essential element of the Plaintiffs' claims for breach of the promissory notes Plaintiffs executed with the Defendant.

In fact, the Court agrees that Defendant's substantial question involves defenses to Plaintiffs' enforcement action. In arguing that Plaintiffs' "seizing control of the Bank is [ ] subject to federal law and regulations," Defendant contends that such regulations require persons seeking to gain control to give timely notice and to sell acquired bank stock within a certain period of time, and argues that Plaintiffs' claimed exemption to such requirements is "limited in scope." Resp. 5. Federal question jurisdiction cannot "depend solely on 'a federal defense, ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.'" *Becker*, 770 F.3d at 947 (quoting *Caterpillar Inc.*, 482 U.S. at 393).

Finally, the Court finds Defendant's stated "substantial" question "does not present 'a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous ... cases,'" but rather it is "'fact-bound and situation-specific,'" for which federal question jurisdiction is inappropriate. *Id.* at 947–48. For all of these reasons, and mindful of the Supreme

Court's and Tenth Circuit's "exceedingly narrow" application of the doctrine, the Court finds that Defendant fails to demonstrate the Court's jurisdiction arises under a substantial question.

In addition, Defendant contends that removal based on the Motion to Vacate was procedurally proper under 28 U.S.C. 1446(b), which provides in pertinent part:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (emphasis added). Defendant identifies the Motion to Vacate as an "other paper" from which it could be ascertained that this case was removable; Plaintiffs counter that an "other paper" may be considered only in diversity jurisdiction cases. The Court disagrees with both positions. First, the cited provision falls under subsection (b), "Requirements; generally," for the removal of civil actions, whereas subsection (c) provides the "Requirements" for "removal based on diversity of citizenship." Thus, it appears that § 1446(b)(3) "generally" delineates a "motion, order or other paper" from which it may be ascertained that either a federal question or diversity exists. For example, in *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035 (10th Cir. 1998), the Tenth Circuit found that the initial pleading was "ambiguous" and "did not provide unequivocal notice of the right to remove" for jurisdiction based on a federal question, but "the first clear notice of removability was given in answer to an interrogatory." *Id.* That is, the pleading was ambiguous as to whether the plaintiffs' injuries occurred at an Air Force base or during employment with the United States and, "only after receipt of an 'other paper'—in this case answers to interrogatories—were defendants provided sufficient notice that the conduct sued upon took place wholly within the enclave, and under federal direction." *Id.* Thus, consideration of an "other paper"

6

under § 1446(b)(3) is not preserved solely for analyzing whether diversity exists.

Importantly for this analysis, the *Akin* court made clear that the "other paper" simply clarified a claim made by the plaintiffs in the first instance and, thus, the opinion is not in conflict with the well-pleaded complaint rule. As such, the Court finds *Akin*, a case cited by the Defendant in support of its "other paper" argument, distinguishable from the circumstances here where Defendant relies on the "other paper"—Motion to Vacate—to create the federal question in the first instance. Defendant has cited no Tenth Circuit nor Supreme Court case holding that a court filing, which purportedly creates the federal question, constitutes an "other paper from which it may first be ascertained that the case is one which is or has become removable," and the Court finds no basis here to so hold.

The Court notes its initial puzzlement that Defendant identified the Motion to Vacate as an "other paper" and not as a "motion" covered by § 1446(b)(3). Courts addressing whether a motion is sufficient to serve as a basis on which to find proper removal based on federal question jurisdiction typically consider motions to amend a pleading. "The majority of courts that have considered the effect of a motion to amend a petition filed in state court have concluded that such a motion does not commence the thirty-day deadline for filing a notice of removal in federal court." *Owings v. Deere & Co.*, 441 F. Supp. 2d 1011, 1013 (S.D. Iowa 2006) (collecting cases); *see also Lion Raisins, Inc. v. Fanucchi*, 788 F. Supp. 2d 1167, 1172–73 (E.D. Cal. 2011) (adopting the majority view in finding that a proposed amended arbitration demand did not serve as a basis for removal).[1]

---

[1]Some courts have held that a motion to amend itself is sufficient to provide notice to a defendant that the case is removable. "This Court, however, finds that the majority rule is the most appropriate rule in light of the limited jurisdiction of the federal courts." *Owings*, 441 F.

7

These courts agree that information contained in a motion is merely proposed for resolution by the court; thus, a federal question would not exist in the motion but, rather, in the order granting the motion. *Disher v. Citigroup Global Mkts., Inc.*, 487 F. Supp. 2d 1009, 1016 (S.D. Ill. 2007) ("This Circuit takes the view, followed by a majority of federal courts, that a plaintiff's moving papers in state court generally do not create a right to remove under Section 1446(b); rather, the event triggering a right to remove is a state-court order granting a plaintiff's motion.") (citing *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998)). In *Sullivan*, the Seventh Circuit explained:

> Until the state judge grant[s] the motion to amend, there [is] no basis for removal. Until then, the complaint d[oes] not state a federal claim. It [may] never state a claim, since the state judge [may] deny the motion. The statutory language that we quoted [28 U.S.C. § 1446(b)] speaks of a motion or other paper that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens, in this case the granting of a motion by the state judge.

*Id.*; *see also Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F. 3d 405, 410 (6th Cir. 2008) ("removal before the state court actually amends the complaint may have the anomalous effect that the removed case lacks federal jurisdiction at the time that it is removed."); *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1189 (9th Cir. 2015) (a "tentative" ruling on a motion "had no jurisdictional effect" on whether removal was proper "precisely because it was tentative").

Although neither this District nor the Tenth Circuit appear to have addressed this issue, other district courts in the Tenth Circuit have followed the majority view. *See Zamora v. Wells Fargo Home Mortg.*, 831 F. Supp. 2d 1284, 1298 (D. N.M. 2011) ("the better rule appears to be—at least in federal-question cases—to require the state court to grant the motion to amend before requiring

---

Supp. 2d at 1014.

a defendant to remove."); *see also Garth O. Green Enters., Inc.*, No. 2:14-CV-266 TS, 2014 WL 3404620, at *2–*3 (D. Utah July 10, 2014) ("the Court will follow the majority rule that a proposed pleading is not enough to invoke this Court's jurisdiction.").

Of course, in this case, the motion at issue is not a motion to amend the operative pleading, but to the extent the Motion to Vacate could be considered in this context, the Court would apply the majority view, find that the Motion to Vacate was not adjudicated in state court and remains pending here,[2] and conclude that the motion is insufficient to invoke this Court's federal question jurisdiction. *See Disher*, 487 F. Supp. 2d at 1016.

## III. Conclusion

Mindful of the Tenth Circuit's admonition that "removal statutes are to be narrowly construed in light of [the courts'] constitutional role as limited tribunals" (*Pritchett*, 420 F.3d at 1095), the Court concludes that the Defendant fails to demonstrate the Court's jurisdiction arises under a substantial question posed in the Motion to Vacate and the motion itself does not create a

---

[2]On October 6, 2017, the Court granted Defendant leave to file a surreply to the Motion to Vacate, considering the new argument—mootness—the Plaintiffs raised in their reply brief. ECF No. 33. However, it appears that Defendant improperly filed a surreply to the present motion in which it proffered no argument regarding whether the Motion to Vacate is moot (ECF No. 36). The Court will disregard the surreply and makes no findings regarding the Motion to Vacate.

9

right to remove under § 1446(b).[3] Accordingly, remand is proper[4] and the Plaintiffs' Motion to Remand [filed August 24, 2017; ECF No. 20] is **granted**. The Clerk of the Court is directed to remand this matter to the District Court for the County of Denver, Colorado.

Entered and dated at Denver, Colorado, this 16th day of October, 2017.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[3]As set forth herein, the Court found and the parties cited no case directly on point as to whether a motion, other than one seeking to amend claims, serves as either a "motion" or "other paper" sufficient to raise a right of removal under § 1446(b)(3). However, "[i]f a court is in doubt about whether removal is appropriate, the case should be remanded to state court." *Owings*, 441 F. Supp. 2d at 1014 (citations omitted); *see also Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp.*, 98 F. App'x 752, 756 (10th Cir. 2004) (citing *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) ("[A]ll doubts are to be resolved against removal.")

[4]Plaintiffs also argue that Defendant waived its right of removal when it participated in the state court case by filing an answer and filing a response to Plaintiffs' motion for summary judgment. The Plaintiffs cite *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1098 (10th Cir. 2017) in support of its proposition; however, *Soto* emphasizes that such waiver "must be clear and unequivocal, meaning that 'short of [the defendant] seeking an adjudication on the merits,' the 'right to removal is not lost . . . .'" The Tenth Circuit noted that "Soto could file an answer in state court without waiving removal," but it "waived removal by also filing a motion to dismiss in state court." *Id.* That is, the defendant took an affirmative action showing its intent to remain in state court by filing the motion, "which submitted the case's merits to the state court for adjudication." *Id.* In this case, Plaintiffs' contention that Defendant filed an answer and a response brief is insufficient to demonstrate the Defendant's participation in state court waived its right of removal under *Soto*.